# IN THE COURT OF APPEALS OF IOWA

No. 18-1804
Filed December 19, 2018

**IN THE INTEREST OF A.R. and A.R.,**
**Minor Children,**

**A.B., Mother,**
       Appellant.

_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.

A mother appeals the termination of her parental rights to two children. **AFFIRMED.**

Misty White, Sigourney, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Diane Crookham-Johnson of Crookham-Johnson Law Office PLLC, Oskaloosa, guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to two children, born in 2012 and 2014.

## I. Background Facts and Proceedings

The district court temporarily removed the children from the mother's custody after law enforcement officers conducted a consensual search of her home and discovered methamphetamine and marijuana paraphernalia on the kitchen table, within reach of the youngest child. The mother admitted to using methamphetamine a day earlier and reported regular use of the drug. She appeared to be under the drug's influence.

The State filed a child-in-need-of-assistance petition. The district court adjudicated the children in need of assistance and, with the parents' agreement, transferred their custody to the department of human services for placement with relatives. The children were initially placed with their grandmother and later with their maternal great aunt and uncle, where they remained through the termination hearing.

Meanwhile, a substance-abuse evaluator concluded the mother met the criteria for severe amphetamine-use disorder and severe cannabis-use disorder. The mother began but discontinued inpatient treatment and failed to complete outpatient treatment. She maintained a relationship with a man who domestically abused her and threatened harm to the children to gain an advantage over her. She only sporadically engaged in supervised visits with the children, entirely missing three months of visits.

Following the three-month absence, the department and guardian ad litem informed her future visits would take place in a therapeutic setting. During the two months preceding the termination hearing, the mother re-engaged in visits but, according to a department report, continued her disengagement "from all services for substance abuse and mental health."

The mother failed to attend the termination hearing. Following the hearing, the district court terminated her parental rights pursuant to Iowa Code sections 232.116(1)(f) and (h) (2018), which require proof of several elements, including proof the children cannot be returned to her custody.[1]

## II.    Analysis

On appeal, the mother contends (A) the department failed to make reasonable efforts to reunite her with the children; (B) termination is not in the children's best interests; (C) she should have been afforded an additional six months to work toward reunification; and (D) the district court should not have terminated her parental rights because the children were placed with relatives.

### A.    Reasonable Efforts

"The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). "The reasonable efforts concept would broadly include a visitation arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal." *In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017) (quoting *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996)).

---

[1] The father's parental rights were also terminated. He did not appeal.

The mother argues she participated in therapeutic visits "consistently for two months" and "ended her relationship with" the violent man, "yet the visitation was not increased and she was allowed no additional contact with the children." The mother's belated participation in visits does not mitigate her sporadic attendance for close to a year. During that period, the mother also refused consistent treatment for her substance-abuse disorders, which were the root cause of the children's removal. We conclude the department did not abdicate its reasonable-efforts mandate by declining to increase the number of therapeutic visits.

### B.     Best Interests

Termination must be in the children's best interests. *See* Iowa Code § 232.116(2). The mother contends termination is not in their best interests because of the bond she shared with them, their placement with relatives, and her recent progress. A close bond with a child and placement with relatives may be grounds for granting an exception to termination. *See id.* § 232.116(3)(a), (c). The "primary consideration" in a best interests analysis is "the child's safety, . . . the best placement for furthering the long-term nurturing and growth of the child, and . . . the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2)

The department case manager opined termination is in the children's best interests. She did not see "any effort to make a change for the positive" and noted that the parents "continue[d] to choose criminal behavior and drugs and unsafe people over these children who need a safe, stable environment to thrive." We concur in this assessment. *See L.M.*, 904 N.W.2d at 840 (noting the child needed

"permanency and stability now"). We conclude termination is in the children's best interests.

### C.     Additional Time

The mother contends the district court should have afforded her an additional six months to work toward reunification with the children. *See* Iowa Code § 232.104(2)(b). The case manager was asked what harm would flow from affording her this option. She responded,

> I believe the harm is that they have to continue to be put through visits in a therapeutic setting and then come home and have nightmares and are traumatized over and over again and be very confused about what is happening in their world, because their parents have made no progress and they're not old enough to understand what's going on in their world. They need to be—they need to know that they have a safe place to live and that that's where they're going to be. Every time I meet with the children, especially [the older child], her number one thing she wants to tell me is, "I want to stay here forever."

We agree an extension of time was not warranted.

### D.     Relative Placement

The district court need not terminate parental rights if "[a] relative has legal custody of the child." *Id.* § 232.116(3)(a). The mother argues "[p]ermanency for the children could have easily been achieved by establishing a guardianship with the family members," in lieu of termination. Given the mother's minimal progress in addressing the circumstances that precipitated the children's removal, we are not persuaded a guardianship was a viable option. *See In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (declining to invoke an exception to termination where the mother did not progress "beyond more than limited, supervised visits with the

children" and "[t]he children ha[d] achieved stability in their aunt's home and continue[d] to meet developmental milestones").

On our de novo review of the record, we affirm the termination of the mother's parental rights to the children.

**AFFIRMED.**